UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-20926-CR-KMM

**UNITED STATES OF AMERICA,**

vs

**RONEN NAHMANI**

_____/

### RENEWED MOTION TO CONTINUE SENTENCING

The Defendant, RONEN NAHMANI, by and through undersigned counsel, files his Renewed Motion to Continue Sentencing in this matter. In support thereof, undersigned counsel states as follows:

1. The Defendant's sentencing is currently scheduled for October 8, 2015, at 10:00 a.m.

2. On September 28, 2015 defendant filed an Unopposed Motion to Continue Sentencing [DE-137]. This was the first and only motion for continuation of sentencing that has been filed in this matter. The sentencing date was set by the Court at the conclusion of the jury trial and finding of guilt that took place on July 23, 2015.

3. One of the pivital issues that must be addressed during the sentencing hearing is the application of Note 6 to Section 2D1.1 of the United States Sentencing Guidelines (USSG) in calculating the Base Offense Level of the Advisory Sentencing Guidelines.

4. In *US vs. Adiel Sanchez Brey* Case Number 15-10165, an unpublished decision filed on September 21, 2015, by the Eleventh Circuit, the Eleventh Circuit agreed

        that "a district court's determination of the 'most closely related controlled substance' under Application Note 6 to § 2D1.1 is a factual finding reviewed only for clear error" *Adiel Sanchez Brey,id at p.9, fn 4.* The Court went on to state that "the clear-error standard allows for courts to come to different conclusions as long as the conclusions are supported by substantial evidence in the record." *Adiel Sanchez Brey,id at p.12, fn 5.*

5.     In order to allow the Court to resolve this issue, the defendant must present the expert testimony of Dr. Daniel Buffington. While Dr. Buffington has testified at trial, his testimony was limited and did not address all of the specific factors listed in Note 6 to Section 2D1.1, which are critical to assessing the application of appropriate ratios in the Drug Equivalency Tables. Without Dr. Buffington's testimony, the defendant cannot meaningfully defend against the government's efforts to enhance his sentence under the Sentencing Guidelines.

6.     The primary basis for the defendant's request to continue the sentencing hearing is Dr. Buffington's unavailability to testify on the date and time that the sentencing hearing is currently scheduled. This fact was stated in the original unopposed motion to continue [DE-137], but perhaps not articulated clearly.

7.     The accused in a criminal case must be afforded a meaningful opportunity to present a defense to the charges at trial or to defend against the government's efforts to enhance his sentence. See, e.g., Ross v. Moffit, 417 U.S. 600, 94 S.Ct. 2437 (1974). The focus in any given case is to identify the basic tools necessary to present an adequate defense, Britt v. North Carolina, 404 U.S. 226, 227, 92 S.Ct. 431, 433 (1971). This opportunity of course includes the assistance of

counsel, Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792 (1963), and incorporates the notion that the assistance of counsel must be effective assistance. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984). See, e.g., Hinton v. Alabama, 134 S.Ct. 1081, 1088-89 (2014) (trial process rendered fundamentally unfair by counsel's failure to seek court approval for presentation of adequate expert).

8. This motion is filed in good faith and not to unnecessarily delay the proceedings.

**WHEREFORE**, the Defendant respectfully requests that this Honorable Court continue the sentencing in this matter until anytime after October 20th that is convenient to the Court's and opposing counsel's schedules.

>Respectfully submitted,
>/s/   David S. Weinstein
>David S. Weinstein, Esq.
>Florida Bar No. 749214
>Clarke Silverglate, P.A.
>799 Brickell Plaza, Suite 900
>Miami, Florida 33131
>Telephone:  (305) 377-0700
>Facsimile:  (305) 377-3001
>Email: Dweinstein@cspalaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 28 2015, the undersigned electronically filed the foregoing document with the Clerk of the Court using CM/ECF

>/s/   David S. Weinstein
>   David S. Weinstein, Esq.